## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

SIGRID L. BERGE,

   Plaintiff,

  v.              Civil Action No. 8:20-cv-03481-PX

RINK MANAGEMENT SERVICES
CORP.,

   Defendant.

        ***

## <u>MEMORANDUM OPINION</u>

Pending in this employment discrimination case before the Court is Defendant Rink

Management Services Corporation's ("Rink's") motion to dismiss the Complaint for failure to

state a claim.  ECF No. 7.  The motion has been fully briefed, and no hearing is necessary.  *See*

Loc. R. 105.6.  For the following reasons, the Court GRANTS in part the motion.

### I.  Background

Plaintiff Sigrid Berge ("Berge") began working for Rink as a skating instructor in 2008.

ECF No. 1 ¶ 8.  Over time, Berge was promoted to General Manager of the Capital Clubhouse,

one of Rink's recreation centers.  *Id*.  Over her eleven-year tenure with Rink, Berge received

only two customer complaints, and neither went anywhere.  *Id.* ¶ 10.  Additionally, other

employees whom Berge had disciplined lodged internal complaints against Berge, but Rink

never brought them to Berge's attention or took any action in response to the complaints.  *Id.* ¶¶

11–12.  Indeed, Berge was wholly unaware that any of her subordinates complained about her

management decisions.  *Id.*

Berge also avers that her immediate supervisor, Chuck Lawless ("Lawless"), treated her

"less favorably" than other, unnamed employees and was critical of Berge holding her

subordinates accountable for their poor job performance. *Id.* ¶ 14. When Berge would question Lawless' treatment of her as compared to other employees, Lawless would respond, "because I said so" or "because I'm your boss." *Id.*

In February 2019, Berge disciplined employee, Jason Castiglia ("Castiglia"), for walking off the job. *Id.* ¶ 16. Castiglia was younger and less experienced than Berge. *Id.* ¶¶ 8–9. A few days later, Berge was terminated abruptly, without notice, and with no justification for her firing. *Id.* ¶ 16. Lawless replaced Berge with Castiglia as Rink's General Manager. *Id.* ¶¶ 15–16.

On August 20, 2019, Berge filed her formal charge of discrimination with the Prince George's County Human Relations Commission and the U.S. Equal Employment Opportunity Commission ("EEOC"), asserting that she had been discharged on account of her age and sex. *Id.* ¶ 2; ECF No. 10-2 at 2. After receiving the EEOC's right-to-sue letter, Berge brought suit in this Court, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* ("ADEA"), and Maryland common law. ECF No. 1 at 3–5. [1]

Defendant now moves to dismiss all claims, arguing that Berge has not pleaded sufficient facts to make plausible that she was terminated on account of her sex or age. ECF No. 7. Although the Complaint is thin, it is sufficient to survive challenge at this early stage in litigation as to her Title VII and ADEA claims.

## II.     Standard of Review

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *See Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The Court

---

[1] The Complaint is devoid of any specific reference or even mention of the applicable federal statutory claims, aside from a vague nod to "federal law." ECF No. 1. Equally problematic is Berge's including both federal statutory and state common law claims in the same count. Counsel for plaintiff is cautioned to plead causes of action more clearly going forward.

accepts "the well-pled allegations of the complaint as true" and construes all facts and reasonable inferences most favorably to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997); *see also Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011). To survive a motion to dismiss, a complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

### III.     Analysis

#### A.     Title VII claim

Title VII makes it unlawful for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's … sex." 42 U.S.C. § 2000e-2(a). Where, as here, a plaintiff does not aver any evidence of direct discriminatory animus motivating the termination, *see Hartman v. Univ. of Md.*, No. ELH-10-2041, 2012 WL 3544730, at *12 (D. Md. Aug. 14, 2012) (quotations omitted), the Court applies the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under this framework, a plaintiff must first make out a prima facie case of discrimination by showing that: (1) she is a member of a protected class; (2) who suffered adverse employment action; (3) while performing her job duties at a level that met her employer's legitimate expectations; and (4) was replaced by someone outside the protected class. *See Miles v. Dell, Inc.*, 429 F.3d 480, 485–86 (4th Cir. 2005); *see also Witherspoon v. Brennan*, 449 F. Supp. 3d 491, 500 (D. Md. 2020) (quoting *Holland v. Washington Homes, Inc*., 487 F.3d 208, 214 (4th Cir. 2007)). If the plaintiff makes her prima facie case, the burden shifts to the defendant to articulate legitimate, non-discriminatory grounds for her termination. *See Guessous v. Fairview Prop. Invs., LLC*, 828

3

F.3d 208, 216–17 (4th Cir. 2016).  If the defendant makes such a showing, the burden shifts back to the plaintiff to demonstrate that the stated ground for her termination amounts to mere pretext for discrimination.  *See E.E.O.C. v. Sears Roebuck & Co.*, 243 F.3d 846, 852 (4th Cir. 2001).

Rink argues solely that because Berge has not pleaded specific "comparator evidence" to support her contention that she was treated "less favorably" than other male counterparts, she has failed to make plausible her prima facie case.  ECF No. 7-1 at 4; ECF No. 12 at 3.  As a threshold matter, it bears noting that a "plaintiff need not plead a prima facie case to survive a motion to dismiss."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002); *see also Woods v. City of Greensboro*, 855 F.3d 639, 648 (4th Cir. 2017).  Although the "elements of a prima facie case 'provide helpful guidance when reviewing the adequacy of the allegations,'" *Kelly v. Giant of Md. LLC*, No. PX-18-2495, 2019 WL 2502289, at \*4 (D. Md. June 17, 2019) (quoting *Niner v. Garrett Cty. Pub. Works*, No. ELH-17-2948, 2018 WL 3869748, at \*16 (D. Md. Aug. 15, 2018)), a plaintiff will survive dismissal provided she alleges sufficient facts to "raise a right to relief above the speculative level."  *Coleman v. Md. Ct. App.*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555); *see also McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (holding the complaint must support a "reasonable inference that the defendant is liable for the misconduct alleged"); *Ferdinand-Davenport v. Child. Guild*, 742 F. Supp. 2d 772, 782 (D. Md. 2010) (requiring a plaintiff to plead facts that plausibly "giv[e] rise to an inference of discrimination").  Berge has met this pleading burden.

Fatal to Rink's argument is that Berge has made plausible that she was treated less favorably than at least one male counterpart—Castiglia.  Castiglia replaced Berge as General Manager even though he was less experienced and had been recently reprimanded for walking

off the job.  *See* ECF No. 1 ¶ 16.  Further, Berge was fired for no reason whatsoever, and in the face of eleven exemplary years of service, whereas Castiglia's misconduct was ultimately rewarded by becoming the General Manager in Berge's wake.  *Id.* ¶¶ 19, 21.  On this alone, the Complaint makes plausible that she was fired because of her gender.  Her Title VII claim, therefore, survives challenge.  *See Woods*, 855 F.3d at 650–51.

### B.      ADEA claim

Rink next moves to dismiss Berge's ADEA claim for failure to make plausible that Rink's age was the "but for" cause of her termination.  ECF No. 7-1 at 6.  Like its Title VII counterpart, the ADEA prohibits an employer from terminating an employee "because of such individual's age."  29 U.S.C. § 623(a).  ADEA claims are assessed under the same *McDonnell Douglas* burden shifting framework.  *See Arthur v. Pet Dairy*, 593 F. App'x 211, 216–17 (4th Cir. 2015); *see also Hartman v. Univ. of Md.*, 595 F. App'x 179, 181 (4th Cir. 2014) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000)).  To plead adequately a claim of age-related discriminatory discharge, a plaintiff typically must make plausible that: (1) she is a member of the protected class—that is, 40 years or older; (2) she suffered an adverse employment action; (3) she was satisfactorily meeting her employer's legitimate expectations at the time of the adverse action; and (4) the position remained open or she was replaced by a substantially younger person.  *See Niner*, 2018 WL 3869748, at *18; *see also Pet Dairy*, 593 F. App'x at 216–17 (4th Cir. 2015); *Hartman*, 595 F. App'x at 181 (quoting *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004)); *Laber v. Harvey*, 438 F.3d 404, 430 (4th Cir. 2006) (citing *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 310–312 (1996)).  But at the motion to dismiss stage, unlike Berge's burden of proof at summary judgment or trial, Berge need not plead facts which conclusively show that her age was the "but-

5

for" cause of her termination.  *See Niner*, 2018 WL 3869748, at *18 (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009)); *see also Hartman*, 595 F. App'x at 181 (stating plaintiff must ultimately prove but-for causation but may proceed under the burden-shifting framework).  So long as the complaint facts give rise to the plausible inference that plaintiff was fired because of her age, the claim must proceed.

With the proper analytical framework in mind, the Complaint makes plausible an ADEA discriminatory discharge claim.  *See* ECF No. 1 ¶¶ 9, 20–21, 28.  Berge, a 53-year-old, seasoned General Manager, had been abruptly fired for no articulated legitimate reason.  *See id.* ¶¶ 15–16.  Rink replaced her with a much younger and less experienced subordinate who, just days before, had been disciplined for walking off the job.  *Id.*  These facts, viewed most favorably to Berge, give rise to the plausible inference that she had been terminated to make room for a younger replacement, not for any performance deficiencies.  At this early stage in the litigation, the ADEA claim survives challenge.

### C.     Maryland Common Law claims

Lastly, Rink argues that the Maryland common law discrimination claims must be dismissed as too vague and amorphous to proceed.  ECF No. 7-1 at 7–8.  In the Court's view, the claims fail fundamentally because federal and state discrimination statutes provide a comprehensive remedial scheme which, if applicable, preclude companion common law claims.  *See Molesworth v. Brandon*, 341 Md. 621, 636 (1996); *see also Kerrigan v. Magnum Ent., Inc.*, 804 F. Supp. 733, 735 (D. Md. 1992) ("It is clear that when a remedy is available under Title VII or art. 49B, an action for wrongful discharge will not lie in Maryland."); *Makovi v. Sherwin-Williams Co.*, 316 Md. 603, 605 (1989).  Berge fails to address the viability of the common law claims at all.  *See* ECF No. 10-1.  Thus, absent any legal basis to support claims which appear

identical to the alleged statutory violations, the common law claims must be dismissed.  *See Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015); *Cty. of McHenry v. Ins. Co. of the W.*, 438 F.3d 813, 818 (7th Cir. 2006) (quoting *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995)).

## IV.   Conclusion

For the foregoing reasons, Rink's motion is granted as to the common law claims and denied as to the Title VII and ADEA claims.  A separate Order follows.

    5/14/21                                        /S/
Date                                                Paula Xinis
United States District Judge